UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| EDUARDO CONTRERAS-FLORES, | ) | Civ. 14-4057- KES |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | VACATE, SET ASIDE OR CORRECT |
| | ) | SENTENCE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Eduardo Contreras-Flores, an inmate at the Yazoo City Medium Federal Correctional Institution in Yazoo City, Mississippi, filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. Docket 1. The matter was referred to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings, including evidentiary hearings, and issuing a report and recommendation for the disposition of Contreras-Flores' motion.

**BACKGROUND**

On March 11, 2011 petitioner entered a plea of guilty to the charge of Illegal Reentry After Deportation in violation of 8 U.S.C. §§ 1326(a) and (b), and on April 15, 2011, was sentenced to 77 months' imprisonment. On October 19, 2011, the Eighth Circuit Court of Appeals dismissed petitioner's direct appeal. On April 14, 2014, petitioner made the instant 18 U.S.C. § 2255 motion. In his motion, petitioner requested that the court vacate his sentence and apply a two-

level downward departure for acceptance of responsibility. Docket 1. Magistrate Judge Simko concluded that, because the petitioner's claims are barred by the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitations, petitioner's motion must be dismissed. Docket 3. Petitioner filed a timely objection to the Report and Recommendation. Docket 4. For the reasons set forth herein, Magistrate Judge Simko's Report and Recommendation is adopted in its entirety.

## STANDARD OF REVIEW

This court's review of a magistrate judge's decision is governed by 28 U.S.C. § 636(b)(1), and the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) mandates that federal prisoners who seek habeas relief file their petition within one year of when their conviction becomes final. *See* 28 U.S.C. § 2255. A conviction becomes final ninety days after the Eighth Circuit's ruling on the direct appeal. *See United States v. Sanchez-Gonzalez*, 643 F.3d 626, 629 (8th Cir. 2011). Courts will give prisoners relief who file after the one-year limitation only in "[e]xtraordinary circumstances." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). A circumstance is extraordinary if a petitioner, with reasonable diligence, could not

have discovered the information needed to file his claim, *see Taliani v. Chrans*, 189 F.3d 597, 597 (7th Cir. 1999), or petitioner was prevented from filing his motion because of impediments "created by governmental action in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255.

In the instant action, the record shows that the Eighth Circuit issued its ruling on October 19, 201, on petitioner's direct appeal. Ninety days later–January 17, 2013–is the last day within the one-year statutory period in which petitioner could timely file his habeas petition. Petitioner, however, did not file his petition until April 14, 2014. Except for evidence about his counsel's incompetency, petitioner has presented no evidence of any impediments that prevented him from filing his habeas petition by January 17, 2013, or any other reason why his claims could not have been discovered before April 14, 2014. Accordingly, it is

ORDERED that petitioner's motion to vacate, set aside, or correct his sentence (Docket 1) is denied, and the magistrate judge's report and recommendation is adopted.

IT IS FURTHER ORDERED that no certificate of appealability be issued.

Dated June 26, 2014.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE